UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

SAHENE CONSTRUCTION, LLC             CASE NO. 23-10096
     DEBTORS                                               CHAPTER 11
                                                                    SUBCHAPTER V

FERRANDINO & SON, INC.
     PLAINTIFF

VERSUS                                                                        ADVERSARY NO. 23-1003

SAHENE CONSTRUCTION, LLC
WMG DEVELOPMENT
     DEFENDANTS

**MEMORANDUM OPINION**

      This matter came before the court on April 19, 2023, to consider the Motion for Preliminary Injunction ("Motion")[1] filed by Ferrandino & Son, Inc. ("Ferrandino"). This Memorandum Opinion constitutes the court's findings of fact and conclusions of law in support of a separate order denying Ferrandino's Motion.

      In essence, Ferrandino seeks to extend the protections of the automatic stay clearly applicable against Sahene Construction LLC ("Sahene") to include Ferrandino, a non-debtor. The goal here by Ferrandino is to stay an arbitration scheduled to take place in late June between Ferrandino, the general contractor on a construction project, and WMG Development ("WMG"), the owner.

---

[1] Motion, P-2.

On February 15, 2023, Sahene, a subcontractor of Ferrandino, filed a voluntary petition for relief under Subchapter V of the Bankruptcy Code.[2] The stated purpose of the filing is to accomplish an orderly liquidation of Sahene's assets.[3] On April 3, 2023, Ferrandino filed an adversary complaint against Sahene and WMG, seeking to extend the automatic stay to the pending arbitration proceeding between Ferrandino and WMG. Presumably that relief would be realized through this court imposing a preliminary injunction prohibiting the arbitration from going forward. Ferrandino amended its complaint on April 4 to include the names and addresses of the defendants ("Amended Complaint").[4]

## Ferrandino's Amended Complaint

Ferrandino's Amended Complaint alleges that in August 2020, WMG hired Ferrandino (a general contractor) to build it a dental clinic in Lafayette, LA. Ferrandino also alleges that it entered a subcontract with Sahene in September 2020 for Sahene "to cover the site work ($275,895) and the construction of the building envelope ($616,720.63)."[5] That contract, in which Ferrandino is referred to as "Contractor" and Sahene as "Subcontractor," includes an indemnification clause ("Indemnity Clause") which provides:

> To the fullest extent permitted by law, subcontractor shall indemnify, defend (at Contractor's option) and hold harmless Contractor, their companies, partners, successors, assigns, heirs, trustees, , [sic] officers, directors, shareholders, employees and agents, (collectively "indemnities") from and against any and all claims, demands, causes of action, penalties, attachments, judgments, losses, damages, costs and expenses, including without limitation, defense settlement and

---

[2] Case no. 23-10096.

[3] Counsel for Sahene made these representations at the status conference held in open court on April 6, 2023.

[4] Amended Complaint, P-4.

[5] Amended Complaint, P-4, ¶ 10.

>attorney's fees and liabilities (including without limitation, claims and liabilities relating to bodily injury or property damage) (collectively "claims") directly arising out of, resulting from or related to this agreement or the work including, without limitation, any failure by Subcontractor to properly perform the work in accordance with the contract documents, or negligence or misconduct of Subcontractor or subcontractor's officers, agents, employees, or sub-subcontractors. If such claims or liabilities are caused in part by the negligence of any indemnitee, Subcontractor shall remain liable for its proportionate share. There shall be no indemnification in the event that there is any major damage due to factors beyond the direct control of Subcontractor, such as, by illustration only, subcontractors not contracted with or by Subcontractor to perform work at the construction site,, [sic] the coronavirus pandemic and Acts of Nature, such as hurricanes, [sic][6]

Ferrandino maintains that by the end of April 2021, Sahene had abandoned the job without completing it and without paying all of its subcontractors and suppliers, causing Ferrandino to pay some of the subcontractors to keep them working.

WMG made demand on Ferrandino for damages "due to certain delays and defective and incomplete work"[7] and initiated an arbitration proceeding prepetition on February 19, 2022 ("Arbitration").[8] The Arbitration hearing is scheduled for June 26-30, 2023. By order dated April 17, 2023, the Arbitration panel denied Ferrandino's attempt to stay the arbitration until this court could rule on the request to extend the protections of the automatic stay to Ferrandino.[9]

Ferrandino contends in this adversary that the damages WMG asserts against it stem from Sahene's actions. Ferrandino instituted a lawsuit against Sahene prepetition on February 8, 2023

---

[6] Plaintiff's Exhibit 2, Article 2.0.

[7] WMG Objection, P-13, ¶ 8.

[8] *WMG Development, LLC v. Ferrandino & Son, Inc.,* AAA Case no. 01-22-0000-7803.

[9] WMG Exhibit 2.

("Sahene Lawsuit").[10] The Sahene Lawsuit was stayed when Sahene filed its bankruptcy case a week later.

Count I of Ferrandino's Amended Complaint contends that the Arbitration should be stayed because "WMG's arbitration against Ferrandino is in effect an action to recover estate property from Sahene."[11]

Count II of the Amended Complaint seeks an injunction against the continuation of the Arbitration because it "indirectly seeks to obtain estate property and should be enjoined pursuant to the automatic stay."[12]

## Motion for Preliminary Injunction

As the mover, Ferrandino bears the burden of proving each of the four elements required for entry of a preliminary injunction by a preponderance of the evidence.[13]  No testimony was offered by Ferrandino.  Ferrandino did offer the two contracts and both were admitted into evidence without objection.[14]

Specifically, Ferrandino seeks an order (1) extending the automatic stay to include Ferrandino, and (2) enjoining WMG from pursuing the Arbitration against it. Ferrandino contends that the damages WMG seeks against it result from Sahene breaching its contract with

---

[10] *Ferrandino & Son, Inc. v. Sahene Construction LLC*, Case no. 23-00173, United States District Court, Western District of Louisiana.

[11] Amended Complaint, P-4, ¶ 44.

[12] Amended Complaint, P-4, ¶ 50.

[13] *Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecuatoriana,*, 762 F.2d 464, 472 (5th Cir. 1985); *Canal Authority of State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974).

[14] Plaintiff Exhibits 1 and 2.

Ferrandino, and therefore any judgment against Ferrandino in the Arbitration is effectively a judgment against Sahene due to the Indemnity Clause.[15]

The Fifth Circuit explained in *Hoover v. Morales*:[16]

> A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest.[17]

The party seeking a preliminary injunction " 'has a heavy burden of persuading the … court that all four elements are satisfied.' Thus, if the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue …"[18]

Ferrandino asks for an extension of the automatic stay under section 362(a)(1), which provides in pertinent part that the filing of a bankruptcy petition "operates as a stay … of … (1) the commencement or continuation … of a judicial… or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case …, or to recover a claim against the debtor that arose before the commencement of the case …"

The Fifth Circuit found in *Reliant Energy Servs., Inc. v. Enron Canada Corp.*:[19]

---

[15] Motion, P-2, p. 1.

[16] *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998).

[17] *Id.* at 224; *see also Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000).

[18] *Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (quoting *Hardin v. Houston Chronicle Publishing Co.,* 572 F.2d 1106, 1107 (5th Cir. 1978); citing *Canal Authority v. Callaway,* 489 F.2d 567 (5th Cir.1974); and *Clements Wire & Mfg. Co. v. NLRB,* 589 F.2d 894, 897 (5th Cir. 1979)).

[19] *Reliant Energy Servs., Inc. v. Enron Canada Corp.,* 349 F.3d 816 (5th Cir. 2003).

The purposes of the bankruptcy stay under 11 U.S.C. § 362 "are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *GATX Aircraft Corp. v. M/V Courtney Leigh,* 768 F.2d 711, 716 (5th Cir. 1985). "By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors." *Id.* This Court has also noted that "[s]ection 362 is rarely, however, a valid basis on which to stay actions against non-debtors." *Arnold v. Garlock, Inc.* 278 F.3d 426, 436 (5th Cir.2001). However, an exception to this general rule does exist, and a bankruptcy court may invoke § 362 to stay proceedings against nonbankrupt co-defendants where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins Co.*, 788 F.2d [994,] 999 [(4th Cir. 1986)].[20]

Extension of the stay would require this court to enjoin the Arbitration under its equitable powers contained in 11 U.S.C. § 105(a),[21] so we turn to the four elements that Ferrandino must prove to obtain a preliminary injunction. All four of these elements must be proven by Ferrandino.

### Substantial Likelihood of Success on the Merits

Oral argument by the parties failed to sufficiently clarify whose likely success would satisfy the first prong of the test. Certainly, it would appear that WMG has a likelihood of obtaining some form of money judgment against Ferrandino based on their alleged damages. Likewise, not even Sahene's counsel argued that Ferrandino would fail to establish a claim in some amount against the Debtor based on the Indemnity Clause. But if success on the merits

---

[20] *Id*. at 825.

[21] Section 105(a) provides in relevant part "(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. …"

means Ferrandino has demonstrated a likelihood of obtaining a permanent injunction in this lawsuit, the element is not satisfied for the reasons that follow below.

## Irreparable Injury

The Fifth Circuit held in *Daniels Health Sciences., L.L.C. v. Vascular Health Sciences., L.L.C.*,[22] "To satisfy this prong of the preliminary injunction test, ["movant"] must show that it is "likely to suffer irreparable harm," that is, harm for which there is no adequate remedy at law."[23] In *Janvey v. Alguire,*[24] the Fifth Circuit used "monetary damages" as an example of an "adequate remedy at law."[25]

In this court's view, this is where the case breaks down for Ferrandino. Ferrandino contends irreparable injury would be suffered by it (and presumbably) the estate because "Ferrandino's seeking of indemnification through Sahene's bankruptcy threatens Sahene's plan process," and a judgment against Ferrandino will effectively be a judgment against Sahene.[26] That explanation falls short of demonstrating irreparable injury. To the contrary, an adverse ruling against Ferrandino in the Arbitration would simply give rise to a liquidated, unsecured claim against this estate, something that happens on a daily basis in bankruptcy court. Stated

---

[22] *Daniels Health Sciences., L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579 (5th Cir. 2013).

[23] *Id.* at 585 (citing *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); *Janvey v. Alguire,* 647 F.3d 585, 600 (5th Cir. 2011)).

[24] *Janvey v. Alguire,* 647 F.3d 585, 600 (5th Cir. 2011)).

[25] *Id.* at 600 (citing *Deerfield Med. Ctr. v. City of Deerfield Beach,* 661 F.2d 328, 338 (5th Cir. Unit B 1981); *Parks v. Dunlop,* 517 F.2d 785, 787 (5th Cir. 1975)).

[26] Motion, P-2, ¶ 48, 50.

another way, liquidation of a creditor's claim in another forum is hardly an "unusual situation" giving rise to grounds to extend the automatic stay to a non-debtor.

In *A.H. Robins Co. v. Piccinin,*[27] cited by the Fifth Circuit in *Reliant*[28] and *Arnold v. Garlock, Inc.*,[29] the court gave an example of an "unusual situation" in which a judgment against a third party would "in effect be a judgment or finding against the debtor."[30] "An illustration of such a situation would be a suit against a third-party who is entitled to *absolute indemnity* by the debtor on account of any judgment that might result against them in the case."[31] An example given by the *Robbins* court of an "absolute indemnity" is a guarantor who would have automatic liability upon entry of judgment.

The court in *In re Divine Ripe, L.L.C.*,[32] explained it another way, finding that in order to extend the stay to a non-debtor, "[t]here must be an actual, as opposed to an alleged or potential, identity of interests, such that a judgment against the non-bankrupt party would in fact be a judgment against the bankrupt party."[33]

In the case at bar, a judgment against Ferrandino in the Arbitration would not effectively be a judgment or finding against Sahene. Instead, it would trigger a claim for indemnity against

---

[27] *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986).

[28] *See* n. 18.

[29] *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir.2001).

[30] *Robbins*, 788 F.2d at 999.

[31] *Id.* (emphasis added).

[32] *In re Divine Ripe, L.L.C.,* 538 B.R. 300 (Bankr. S.D. Tex. 2015).

[33] *Id.* at 312.

Sahene, subject perhaps to Sahene's defenses and counterclaims. Given that Ferrandino has now filed a proof of claim, the parties could either fight that out in bankruptcy court (the most likely outcome) or seek modification of the automatic stay to proceed with the pending federal court litigation.

The contract between Ferrandino and Sahene provides that Louisiana law applies.[34] In *Ebinger v. Venus Construction Corp.*,[35] the Louisiana Supreme Court held that

> Indemnity is a separate substantive cause of action, independent of the underlying wrong. *Nassif v. Sunrise Homes,* 98–3193 (La.6/29/99), 739 So.2d 183, 186. As we explained in *Nassif,* "[i]ndemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed." *Id.* at 185. Unless and until [the contractor] is cast in judgment, it has discharged no liability for which to seek reimbursement from [the subcontractor].[36]

The *Ebinger* court also found, "[The contractor's] indemnity right was conditional because it depended on the [owners] action; it was contingent because it depended on the outcome of that principal demand.[37] By definition, a conditional obligation is not absolute.

Importantly, WMG asserts that its Arbitration claims against Ferrandino are not solely related to the alleged defaults of Sahene, such as Ferrandino's alleged obligation to return the property to WMG free and clear of liens. Also, the Indemnity Clause provides that Sahene owes no indemnity in certain situations beyond its control. Ferrandino acknowledges in its Motion that " some of the supply chain disruptions and lack of manpower could be attributed to the

---

[34] Plaintiff's Exh. 2, Article 9(i).

[35] *Ebinger v. Venus Const. Corp.,* 2010-2516 (La. 7/1/11), 65 So.3d 1279.

[36] *Id.* at 1286–87.

[37] *Id.* at 1288.

regional impacts of Hurricanes Laura (August 27, 2020) and Delta (October 9, 2020)."[38] This acknowledgement by Ferrandino further shows that even should WMG prevail against Ferrandino, Ferrandino's indemnity claims against Sahene are not absolute. In addition, Sahene scheduled a $377,341.87 cause of action against Ferrandino that could offset Ferrandino's claim if proved.[39] Therefore, Sahene would not absolutely and automatically be liable for a judgment against Ferrandino.

Ferrandino has an adequate remedy at law. Any claim it has against Sahene can be resolved in the bankruptcy claims process, or it can seek relief from stay to continue its federal court litigation.

Rather than suffering irreparable injury resulting from continuation of the Arbitration, liquidating its claim would benefit both Ferrandino and the bankruptcy estate by furthering the claims process. As eloquently stated by the United States Supreme Court, one of the

> chief purpose[s] of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of the estate … within a limited period,' and that provision for summary disposition, without regard to usual modes of trial attended by some necessary delay, is one of the means chosen by Congress to effectuate that purpose.[40]

Indeed, if Sahene had been made a party to the Arbitration, this court would no doubt be easily swayed to modify the stay to allow the claims to be liquidated in an efficient manner. The Supreme Court has also recognized that arbitration affords a simple, informal and expeditious

---

[38] Motion, P-2, ¶ 7.

[39] Case no. 23-10096, P-29, p. 5.

[40] *Katchen v. Landry*, 382 U.S. 323, 328-29 (1966) (citations omitted).

manner of resolving disputes.[41] As such, Ferrandino has not met its burden of proof with respect to irreparable injury.

### Injury Does Not Outweigh Damage

Ferrandino contends in its Motion, "WMG maintains its ability to proceed with the WMG Arbitration after Sahene exists bankruptcy. However, if the injunction is denied, any judgment against Ferrandino obtained in the short term is effectively a judgment against Sahene, disrupting the plan process and further increasing Sahene's insolvency."[42] The court is unconvinced.

Sahene and, more importantly, its bankruptcy estate, will not be harmed by conducting the Arbitration in late June. To the contrary, and as stated by the Subchapter V Trustee and Sahene at the hearing, the liquidation of Ferrandino's potential claim against Sahene is essential to determining any equitable distribution to creditors and enjoining the Arbitration would in fact delay the bankruptcy process. Again, bankruptcy courts routinely modify the stay to permit another court to reduce an unliquidated claim to judgment.

Further, WMG instituted arbitration proceedings against Ferrandino over one year ago (February 19, 2022), and discovery will close on April 21, 2023. The Arbitration hearing is scheduled for June 26-30, 2023. Forcing WMG to wait until the bankruptcy is closed is hardly without damage to its rights. The Fifth Circuit in *Arnold* reasoned when weighing the harm of granting a preliminary injunction, a court should consider "delay in or lengthy interruption of state court proceedings already in progress for months or years may substantially harm the ability

---

[41] *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985).

[42] Motion, P-2, ¶ 50.

of the state courts to resolve the cases."[43] Ferrandino has not met its burden of proof on this element.

### Injunction Will Not Disserve the Public Interest

The court in *In re OGA Charters, LLC*,[44] noted, "In bankruptcy, the public policy is to have an orderly administration of the debtor's assets via their bankruptcy estate, such that the debtor may be able to gain a fresh start, by satisfying valid claims against that estate."[45] Injunctions serve this interest when preventing the dissipation of estate assets.[46] And although Ferrandino claims that Sahene will have to pay its attorneys' fees, the practical reality in bankruptcy is that legal obligation would only serve to increase its unsecured claim and would have no practical impact on Sahene's ability to complete its bankruptcy.

Because liquidating any claim of Ferrandino against Sahene in Arbitration serves the public policy of efficient and orderly administration of the estate, Ferrandino likewise fails to carry its burden of proof on this required element.

### Conclusion

At best Ferrandino has satisfied one of the four elements necessary to obtain a preliminary injunction. Simply put, the bankruptcy estate can only be efficiently administered if

---

[43] *Arnold*, 278 F.3d at 441.

[44] *In re OGA Charters, LLC*, 554 B.R. 415, 426 (Bankr. S.D. Tex. 2016).

[45] *OGA Charters, LLC*, 554 B.R. at 426 (Bankr. S.D. Tex. 2016) (citing *In re Lots by Murphy, Inc.,* 430 B.R. 431, 436 (Bankr. S.D. Tex. 2010); *In re T–H New Orleans Ltd. P'ship,* 188 B.R. 799, 807 (E.D. La.1995), *aff'd,* 116 F.3d 790 (5th Cir. 1997)).

[46] *See OGA*, 554 B.R. at 426; *Janvey,* 647 F.3d at 600.

claims against it are liquidated in a timely manner. The relief sought here would serve to frustrate not further that public purpose. Accordingly, the Motion for Preliminary Injunction is denied. The court will enter a separate order.

Baton Rouge, Louisiana, April 19, 2023.

s/ Michael A. Crawford
**MICHAEL A. CRAWFORD**
**UNITED STATES BANKRUPTCY JUDGE**
